Hart, J.,
 

 dissenting. I am unable to concur in the judgment and in the majority opinion in this case. The defendant was, in law, required to know that the funds of its depositor, Vernon township, Trumbull county, Ohio, were being withdrawn from its bank on forged warrants.
 
 First National Bank of Belmont
 
 v.
 
 First National Bank of Barnesville,
 
 58 Ohio St., 207, 50 N. E., 723, 65 Am. St. Rep., 748, 41 L. R. A., 584; 7 American Jurisprudence, 360 and 413.
 

 Upon this hypothesis only was judgment entered against the defendant. The amount of such judgment was $293.75 because of the withdrawals within the year preceding the notice to the defendant of the forgeries, which judgment has become final. And, since the jury found for the plaintiff, except as to items barred by the statute, it necessarily found that, in respect to the forged warrants for which recovery was allowed, the depositor was not guilty of such negligence in failing
 
 *359
 
 to notify the defendant of the forgeries as would defeat a recovery.
 

 The only defense which the defendant had against liability for the remainder of withdrawals was that, pursuant to the statute, Section 11225-1, General Code, it had not received any notice of the forgeries from the depositor within one year after the return of the can-celled warrants. My view is that the warrants were not, in law and in fact, returned to the depositor as contemplated by the statute which, being in derogation-of the common law, must be strictly construed. 37 Ohio Jurisprudence, 728, Section 408.
 

 The contract with the defendant, as depositary for the township, was made under the Uniform Depository Act by the township trustees constituting the “governing board” of the township. Significant also is the fact that Section 3316, General Code, provides that no money belonging to the township shall be paid out except upon an order signed by at least two of the three township trustees and
 
 countersigned
 
 by the township clerk. Under this provision, the real drawers of the warrants on the funds held by the depositary were the •township trustees, while the clerk was merely the countersigner of the warrants. His signature, in this capacity, was to attest the validity of the signatures of the superior or principal officers issuing the warrant. Logically, it seems to me, the cancelled warrants should have been returned to those authorized under the statute to draw them, rather than to one whose only authority was to countersign them. The fact that the clerk-treasurer is charged with keeping the records of the proceedings and of all accounts and transactions of the trustees, and was required to prepare a detailed statement of the receipts and expenditures of the township and to act in the capacity of its treasurer, thus making the fiscal business of the township a one-man operation, is a most cogent reason why the can-
 
 *360
 
 celled warrants should have been returned to the drawers thereof as representing the depositor.
 

 The depositor was Vernon township, a governmental unit. It could act or be bound only by the acts of its officers as its duly authorized agents. The defendant was not only bound to the knowledge of this fact but it was bound to ascertain and to know the scope and continuity of the authority of such agents. Even if the defendant, in the first instance, was justified in delivering the cancelled warrants to Martin, as clerk-treasurer of the township, when it became aware and knew, as it did know in law, that he was withdrawing the funds of the depositor to himself personally on forged warrants, it had no right to continue to make such deliveries. It knew, in law, that Martin was no longer acting in good faith for the depositor or within the scope of his authority as its agent. The defendant knew, in law, that the signatures of the township trustees were forged. The defendant knew, in law, that Martin, as countersigner of the warrants, was certifying that the signatures of the trustees were genuine when they were not. The defendant knew, in law, that the warrants, bearing the forged signatures of the trustees, were being wrongfully honored and paid to Martin. It must also have known that the warrants would, in all probability, not be delivered to any of the persons representing the depositor, whose names had been forged to the warrants. Under such circumstances, the defendant, was charged with knowledge that Martin was breaching his trust as agent or representative of the depositor.
 

 Can it be said, following its constructive knowledge of bad faith and fraud upon the part of Martin, that it, the defendant, was returning the cancelled warrants to the depositor when it delivered them to Martin who had violated the duties of his office? I think not. These circumstances, in my opinion, made it improper to re
 
 *361
 
 gard Martin as the agent to whom it could properly deliver the warrants and thus bind the depositor. As a consequence, the defendant could not invoke the protection of the statute.
 

 “A third person who delivers goods or pays money to an agent designated by the principal to receive them, if without notice of an improper purpose on the part of the agent, is subject to no duty to the principal to see that the goods are delivered to him or are otherwise properly applied, and the delivery to the agent binds the principal although the agent at the time of receipt intends to use the thing for his own purposes* and subsequently so uses them.” Restatement of Agency, 405, Section 165, comment
 
 d.
 

 But, on the other hand, if the third person does-have knowledge or the means of knowledge of a wrong-intent and purpose on the part of the agent with reference to the use or disposition of the subject matter which is to be delivered to him for the principal, then the third person cannot claim immunity from liability for delivery to the agént under such circumstances. The agent by his infidelity, known to the third person dealing with him, has terminated his authority as-agent. See Restatement of Agency, 699, Section 314* Comment
 
 a;
 
 3 Corpus Juris Secundum, 217, Section 280 and 3 Corpus Juris Secundum, 218, Section 281.
 

 This principle has application to the situation here presented. In my opinion, the judgment of the Court of Appeals should have been affirmed.
 

 Williams, J., concurs in the foregoing dissenting opinion.